**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA ISABEL CARDENAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-72766

Agency No. A077-126-728

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2022[**]
Pasadena, California

Before:  SCHROEDER, S.R. THOMAS, and BEA, Circuit Judges.

Petitioner Maria Cardenas, a native of Mexico and lawful permanent

resident of the United States, petitions for review of the Board of Immigration

Appeals' (BIA) denial of her application for asylum, withholding of removal, and

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT). Cardenas was subject to a removal order for the offense of harboring an alien who was in the country "in violation of law." 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(B)(I). In denying her relief on all three grounds, the BIA explicitly adopted the immigration judge's findings on each issue, and we thus review the immigration judge's decision as if it were the BIA's. *See Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021).

As to asylum, the immigration judge held that Cardenas had committed an aggravated felony and was thus ineligible for asylum. 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i). Title 8 U.S.C. § 1101(a)(43) provides that any conviction under 8 U.S.C. § 1324(a)(1)(A) constitutes an aggravated felony, and as the immigration judge found, Cardenas was convicted of violating 8 U.S.C. § 1324(a)(1)(A)(iii). Cardenas does not contest the finding in the argument section of her brief and has thus forfeited the issue. *See, e.g.*, *Floyd v. Filson*, 949 F.3d 1128, 1138 n.2 (9th Cir. 2020) (recognizing that issues not raised in an opening brief are forfeited).

As to withholding of removal, the immigration judge denied relief because Cardenas had failed to show membership in a particular social group, and was thus ineligible for withholding. Cardenas also fails to challenge this determination in her opening brief and has forfeited any challenge to the immigration judge's decision on withholding. *See, e.g.*, *id.*

With respect to CAT, the immigration judge denied relief both because it was not more likely than not that Cardenas would be tortured upon returning to Mexico, and because it had not been shown that Mexico would instigate or acquiesce to any torture of Cardenas. As the immigration judge recognized, Cardenas faced no past harm in Mexico; the reason she fears returning to Mexico stems from events that took place in the United States, and under Cardenas's own testimony, she was never harmed, let alone tortured, in the United States, even though her alleged future torturers knew where she lived. The record does not compel any contrary conclusions. Cardenas is not entitled to relief under CAT. *See Arrey v. Barr*, 916 F.3d 1149, 1161 (9th Cir. 2019) (reviewing denial of CAT relief under the substantial evidence standard of review).

The petition is **DENIED.**